### A. B. HAGOOD V. THE STATE.

No. 9810.   Delivered January 20, 1926.

**1.—Cutting Tree on Land of Another—Charge of the Court—Requested Charges—Properly Refused.**

Where, on a trial for cutting a tree from land not his own, and carrying same away, the court in his main charge having correctly presented the law on the question of the ownership of the land from which the tree was taken, appellant requested charges presenting the same issue were properly refused.

Appeal from the County Court of Lamar County. Tried below before Hon. W. Dewey Lawrence, Judge.

Appeal from a conviction for cutting down and carrying away a certain tree from land not his own, penalty a fine of $20.00.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is knowingly cutting down and carrying away a certain tree from land not his own but be-

longing to one Joe Young, and the punishment is a fine of $20.00.

There are no bills of exception in the record and no objections filed to the charge of the court. The record discloses that the land on which the tree was cut was claimed by the alleged owner under the ten-year statute of limitations and the appellant offered his special charges two and three in which he attempted to define adverse possession, but we think the term was properly defined in the court's main charge and that there was no error in refusing the special charges offered. The court in his main charge defined peaceable and adverse possession in accordance with Arts. 5680 and 5681 of Vernon's Complete Statutes of Texas. We think the court's main charge was a clearer enunciation of the law than that contained in the special charge offered by the appellant which the court refused to give.

Appellant's special charge number one requested the court to instruct the jury that unless they believed that Joe Young was the owner of the land or if they had a reasonable doubt on this issue to acquit. In presenting the case in his main charge the court instructed the jury that they could only convict in the event the tree was taken from land owned by the said Joe Young and that they must believe this beyond a reasonable doubt before they would be authorized to convict. This charge clearly presented the matter raised by appellant in his special charge No. 1.

Finding no error in the record and believing that the facts are sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.